WINDOW ROCK DISTRICT COURT

September 21, 1983

No. CP-CR-2581-83
CP-CR-2583-83

THE NAVAJO NATION, Plaintiff, v.

DONALD RICO, Defendant.

Honorable Tom Tso, Judge presiding.

THE CASE

This is a ruling upon a motion for a continuance in a criminal case. The court has chosen to render a written opinion on the motion because of the legal issues raised, but more importantly in order to give guidance to counsel on standards for receiving continuance.

The facts of the case are taken from well-prepared pleadings.

The Navajo Nation, through the Crownpoint District Prosecutor, has moved that the trial set for September 28, 1983 be vacated and continued to another date, and in support of that motion the prosecutor says that the "only witness that has the knowledge of the real evidence of the charge against the defendant," Lt. Walter Begay, must attend a training session at the Indian Police Academy in Brigham City, Utah from September 19th through October 7, 1983. The motion recites that the witness' attendance at the program is mandatory under a contract with the Bureau of Indian Affairs under the Indian Self-Determination Act, and the motion is supported by a letter from the Indian Police Academy and a copy of police regulations contained in 25 C.F.R. Part II.

The defendant opposes the motion with a well-written memorandum of points and authorities. The motion is opposed because (1) the Hon. Marie F. Neswood previously denied a motion for a continuance based upon the same ground, (2) the supporting documentation to the motion does not show that the training program is mandatory, and (3) that since the prosecution did not advise the court of the previous denial of an identical motion, the motion is not brought in good faith and should be denied.

GOOD FAITH IN PLEADINGS AND MOTIONS

The good faith issue is adequately addressed by the Rules on Pleadings Forms and Motions adopted on April 23, 1982. Rule 3(a) provides:

> "The signature of a member of the Navajo Nation Bar, any attorney permitted to appear before the courts or any person representing himself, containing in a pleading or other document submitted to the Court, is a certificate that the pleading or document is submitted in good faith and that the

-175-

matters of fact or law contained in such papers are made in good faith, are believed to be true and accurate and are based upon an adequate investigation of or research of those asserted statements of the fact or law."

Under this rule, we begin with the assumption that since the Crownpoint District Prosecutor's signature appears on a motion stating that Lt. Begay is the only material witness and that he must attend the training session, those facts are made in good faith and are believed to be true and accurate. The prosecutor's ssignature is also a certificate that he made an adequate investigation of the facts.

Rule 3(d) of the Rules of Pleading Form and Motions indicates that "A lack of good faith maybe found where a party or attorney omits material facts or omits points of law which that person knows or should know are relevant to the matters before the court." On September 8, 1983 the District Prosecutor made a prior application on the same ground to the Hon. Marie F. Neswood, and that motion was denied. It is very disturbing to the court that the fact of the denial of the motion, which is a "material fact" under the rule, was not disclosed in the motion. The court could deny the motion or take one of the other sanctions contained in Rule 3(d), and this court notes that it is the practice in some jurisdictions to reprimand counsel severely for the failure to disclose the previous denial of a motion or requested order.

However in this case the court will not make a finding of a lack of good faith and it will find that there was a error of judgment in failing to disclose the denial of the previous motion. The District Prosecutor is not known to the court to make knowing misrepresentations to the court or to withhold material information, and this will stand as a warning that any application to a court which has been dealt with or denied previously must disclose that fact.

The court accepts the facts recited in the motion for the purposes of a motion for a continuance.

STANDARDS FOR A CONTINUANCE

The Navajo Court of Appeals discussed the law of continuances on April 28, 1983 in its opinion in the case of Battles v. General Electric Credit Corp. (1983) Navajo L.J.____; 4 Navajo Rep.____ (Ct. App. 1983). The Court of Appeals has declared the Navajo law to be that continuances are within the sound discretion of the trial court - a discretion that must not be arbitrary or capricious. The Court of Appeals instructed the Navajo District Courts to "consider many surrounding circumstances, such as the practical consequences of the party having to go to trial and the opposing party having to suffer a delay." The court also indicated that motions for continuances call upon counsel to "clearly and precisely give the court good reasons for a continuance, to show that prejudice will result if the continuance is not granted and to state specific, concrete reasons to the court." Finally, the opinion dwells on the point that a showing of prejudice to the party asking for a continuance is most important.

Criminal cases are special, and the court must always keep in mind the right of a defendant to a speedy trial and possible prejudice to the defendant.

The heart of the matter is that the court must engage in a

balancing of interests between the prosecution and the defense in order to exercise sound discretion.

This case presents a situation where the prosecution has made a good presentation of facts which show good cause for a continuance. A material witness has been assigned to attend a training session at the Indian Police Academy. The court notes that the officer is a Lieutenant of Police, which is a command position. The court is aware that the bureaucratic requirements of the Bureau of Indian Affairs regarding training may not be highly important, but the court is also aware that the reputation and efficiency of the Navajo Police are partly based upon training records for its command officers. The prosecution has indicated that the lieutenant is a material witness - in fact the only material witness. Therefore there has been a showing of good cause and prejudice should the officer be required to attend the trial. The court notes that the Navajo Nation as a party is entitled to the same considerations for the pressing business of its wintesses as private litigants.

If there was a showing of the denial of a material right of the defendant which would cause him prejudice, the court might deny the motion for a continuance. In criminal cases the prosecution has the option of proceeding with its case or having it dismissed in situations where there is a showing that the granting of a continuance would cause a very real denial of a defendant's rights which would clearly cause him or her prejudice. Had there been such a showing the court would have explored those options. However, since the defendant only opposed what was contained in the motion for a continuance and raised no matters of prejudice to the defendant, the court will grant the continuance.

EFFECT OF THE DENIAL OF THE PRIOR MOTION

The judge making the ruling upon this motion is extremely reluctant to enter an order different than that entered by the Hon. Marie F. Neswood. Normally judges should respect the prior rulings of a judge on procedural stages of a case unless there is good cause to do otherwise. This judge feels that there is such good cause.

As a general rule the doctrines of res judicata or estoppel do not apply in motion practice the same way as in judgments. 56 Am.Jur. 2d, Motions, Rules, and Orders Sec. 30. Normally an order which involves a question of practice or the discretion of the court is not one which prevents a later motion or application on the same ground. Id. There is a distinction made between orders which involve procedural matters in a case and final orders which fix substantial rights and which are appealable. Id. Orders which fix rights and which may be appealed are binding, particularly where there has been a full hearing on disputed facts. Id.

Therefore I hold that there may be a subsequent application or motion on the same ground as a previous application or motion and that a subsequent judge does have the authority to reconsider an order which has been denied previously. A court should not permit reargument of a matter which has been decided without good cause, and it should not make a different ruling without good cause, but there is the authority to do so.

ORDER

The Navajo Nation's motion for a continuance is granted.